

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**JOHN BEN SHEPPERD**
ATTORNEY GENERAL

April 23, 1953

Hon. Jack G. Fisk, Chairman
House Rules Committee
53rd Legislature
Austin, Texas

Opinion No. S-34

Re: Constitutionaltiy of House Bill
18, as amended, known as the
Lobbyist Registration Act,
regulating the registration of
lobbyists with the Secretary of
State.

Dear Sir:

You have requested our opinion on the constitutionality of House Bill 18, entitled "Lobbyist Registration Act", as amended by the House Rules Committee. Briefly stated the bill provides for the registration and filing of financial reports by certain persons, defined in Section 3 of the bill, in connection with lobbying activities.

We begin this consideration with the basic premise that lobbying is within the regulatory powers of the Legislature. Rumely v. U. S. 197 F.2d 166 (C.C.A. Dist. of Columbia 1952) affm. ____ U.S. ____, 73 S.Ct. 543.

Section 3 of House Bill 18 reads as follows:

"Sec. 3. The following persons shall register with the Secretary of State as provided herein:

"(a) Every person except elected officials who, for compensation or valuable consideration of any kind, or who is compensated from state funds, undertakes to promote or oppose the passage of bills or resolutions, or Executive approval thereof, through personal solicitation of members of the Legislature or the Governor by private interview.

"(b) Every person who, for compensation or valuable consideration of any kind, appears before a legislative committee for the purpose of supporting or opposing the passage of any bill or resolution.

"(c) Every person who employs or retains another whose duties are in whole or in part the performance of the services set out in (a) or (b) of this section."

In 1946 Congress enacted a similar regulatory enactment on lobbying entitled "The Regulation of Lobbying Act", codified in 2 U.S.C.A. 261-270. This Act was declared unconstitutional in National Association of Manufacturers of United States v. McGrath, 103 F.S. 510 (Dist. of Columbia 1952), revsd. 344 U.S. 804 upon other grounds. This decision has since been cited with approval in Rumely v. U.S., supra, and in the same federal district court in U.S. v. Harris et al, (Dist. of Columbia 1953) Criminal No. 1212-49, January 30, 1953. In the National Association of Manufacturers of United States case, supra, the association brought an action to enjoin the Attorney General from prosecuting the association for violation of the Regulation of Lobbying Act (Act of August 2, 1946, Secs. 302-311, 60 Stat. 839, 2 U.S.C.A. 261-270), alleging the Act was unconstitutional. The Court, members of a Three-Judge Court of the District of Columbia, held the Act unconstitutional as being in violation of the "due process clause" of the Fourteenth Amendment. The Court said on page 512:

> "The vital provision of the pertinent portions of the statute, Sec. 307, makes its requirements applicable to any person who, by himself or through any agent or employee, or other persons, in any manner whatsoever, directly or indirectly, solicits, collects, or receives money to be used principally to aid, or whose principal purpose is to aid, in the passage or defeat of any legislation by the Congress, or to influence, directly or indirectly, the passage or defeat of any legislation by the Congress of the United States. It is a well established principle that a criminal statute must define the crime with sufficient precision and formulate an ascertainable standard of guilt, in order that any person may be able to determine whether any action, or failure to act, is prohibited. A criminal statute which does not comply with this principle is repugnant to the due process clause and is, therefore, invalid. This is a fundamental principle in our constitutional system, since without it, it would be possible to punish a person for some action or failure to act not defined in the criminal law and which that person had no way of knowing was forbidden."

And on page 514:

> "Applying the foregoing doctrine to the instant case, the conclusion is inescapable that Sections 303 to 307 are invalid. The clause, 'to influence, directly or indirectly, the passage or defeat of any legislation by the Congress' is manifestly too indefinite and vague to constitute an ascertainable standard of guilt. What

is meant by influencing the passage or defeat of legis-
lation indirectly? It may be communication with Com-
mittees or Members of the Congress; it may be to cause
other persons to communicate with Committees or Mem-
bers of the Congress; it may be to influence public opin-
ion by literature, speeches, advertisements, or other
means in respect to matters that might eventually be af-
fected by legislation; it may be to influence others to
help formulate public opinion. It may cover any one of
a multitude of undefined activities. No one can foretell
how far the meaning of this phrase may be carried. No
one can determine in advance what activities are compre-
hended within its scope."

Section 307 of the federal act is the prototype of House Bill 18's Section 3. Section 307 was held repugnant to the "due process clause" of the Fourteenth Amendment because it was indirectly" meant. In lieu of the last quoted words, Section 3(a) states "undertakes to promote or oppose the passage of bills . . .", and, Section 3(b) says "for the purpose of supporting or opposing the passage of any bill . . .". Contrary to the language of Section 307, House Bill 18's Section 3 does limit the meaning to be given its language. Section 3(a) applies only to the promoting or opposing of legislative action or executive approval through personal solicitation of members of the Legislature or Governor by private interview. Section 3(b) limited the meaning to appearances before legislative committees.

We are of the opinion that the proposed House Bill 18, as amended, is constitutional.

The committee has deleted Section 16 of House Bill 18, as amended by Committee Amendment #1. Section 14's reference to the now extinct Section 16 "except as provided in Section 16" should also be deleted from the Act.

## SUMMARY

It is our opinion that House Bill 18, known as the Lobbyist Registration Act, as amended, is constitutional.

Yours very truly,

APPROVED:

W. V. Geppert
Taxation Division

Milton Richardson
Reviewer

John Atchison
Reviewer

John Ben Shepperd
Attorney General

JOHN BEN SHEPPERD
Attorney General

By William W. Guild
Assistant